UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PEARL LANIER BRYAN,**

    **Plaintiff,**

v.                                                    Case No.: 8:08-CV-794-T-23EAJ

**RONALD F. LILLY, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the court are Plaintiff's **First Amended Motion for Entry of Final Judgment by Default Against Defendants Ronald F. Lilly and Shirley Wine Lilley** (Dkt. 20) and **Request for Entry of Final Judgment** (Dkt. 30). These matters have been referred to the undersigned for consideration and a report and recommendation (Dkt. 33). See 28 U.S.C. § 636(c); Local Rules 6.01(b) and 6.01(c), M.D. Fla. For the reasons set forth herein, the undersigned recommends that Plaintiff's motions for entry of final judgment (Dkts. 20, 30) be denied.

**I.    Background**

On April 24, 2008, Plaintiff filed a fourteen-count complaint against eleven defendants for damages, declaratory judgment, and injunctive relief (Dkt. 1 at 1). In Counts 1 through 13 of the complaint, Plaintiff alleged that three corporate defendants had engaged in, inter alia, fraud, securities fraud, and racketeering (Id. at 7-32). In Count 14, Plaintiff alleged that from 1994 to 2008 her ex-husband, Ronald F. Lilly, had "abuse[d] [her] power of attorney as part of a continuing pattern of racketeering [and] scheme to defraud" (Id. at 3, 34).[1] Plaintiff further claimed that Shirley

---

[1] Despite these allegations, Plaintiff has not revoked her power of attorney (Dkt. 1 at 33).

Wine Lilly, Ronald Lilly's new wife, and Nicholas J. Troiano ("Troiano"), Ronald Lilly's personal attorney, along with several other individuals, had participated in the scheme (Id. at 4-5, 33-39). Plaintiff asserted that the court had federal question jurisdiction over the racketeering claims in Count 14 pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, and supplemental jurisdiction over alleged violations of Florida probate, property, and consumer protection laws (Id. at 6). As relief, Plaintiff asked the court to quiet title to real estate jointly owned by Plaintiff and Ronald Lilly "as part of their marital estate" and grant her $1,140,000 in civil RICO damages (Id. at 1, 41).[2]

On April 29, 2008, Plaintiff filed returns of service indicating that Ronald and Shirley Lilly ("the Lillys") and Troiano had each been served with a summons and copy of the complaint on April 25, 2008 (Dkts. 7, 8, 9). On May 20, 2008, Plaintiff moved for entry of a clerk's default against each of the served individuals for failure to file an answer (Dkt. 11). On May 22, 2008, the clerk entered the defaults pursuant to Rule 55(a), Fed. R. Civ. P. (Dkts. 12, 13, 14).

On May 23, 2008, Troiano filed a motion to dismiss in which he argued that Plaintiff had failed to state a claim in her complaint and that the court lacked subject matter jurisdiction (Dkt. 15 at 1-2). Moreover, Troiano submitted that Plaintiff's claims had been addressed by a Florida state court in a dissolution of marriage case and were res judicata (Id. at 2-3). On June 10, 2008, the court vacated the clerk's entry of default as to Troiano, but denied Troiano's motion to dismiss for failure to incorporate a memorandum of law as required by Local Rule 3.01(a), M.D. Fla. (Dkt. 17).

On July 1, 2008, Plaintiff filed a motion for entry of final default judgment against the Lillys

---

[2]Plaintiff estimated her actual losses as $380,000 and requested treble damages pursuant to 18 U.S.C. § 1964(c) (Dkt. 1 at 41).

(Dkt. 20), an affidavit of damages (Dkt. 21 at 1-14), and 121 pages of exhibits detailing various financial transactions (Dkts. 21 at 15-127, 22 at 2-9). Plaintiff reasserted her demands that the court quiet title to her residence and award her $1,140,000 in civil RICO damages (Dkt. 20 at 7-8). On August 20, Plaintiff filed a second motion for entry of final judgment against the Lillys, again asking the court to quiet title to her residence and award her civil RICO damages (Dkt. 30).[3] On the same date, Plaintiff filed a notice of voluntary dismissal of all non-defaulting defendants (Dkt. 31), which the court approved on August 27, 2008 (Dkt. 32). Thus, the Lillys were the only remaining defendants in this case.

On September 10, 2008, the court noticed a status conference for September 25, 2008 and ordered the clerk to mail copies of the notice to the Lillys (Dkt. 34). On September 15, 2008, Plaintiff filed a motion to strike the notice (Dkt. 37), which the court denied (Dkt. 38). On September 25, 2008, Plaintiff and the Lillys appeared for the status conference, at which neither side was represented by counsel.

The court informed Plaintiff that in order to succeed on a default judgment in federal court, she would need to assert well-pleaded allegations stating a claim under federal law. Plaintiff asserted the court had jurisdiction over her case solely due to her civil RICO claim. Plaintiff was unable to elaborate on the allegations of mail fraud and money laundering in her complaint when asked by the court to do so.

Offered an opportunity to respond to Plaintiff's claims, the Lillys denied Plaintiff's allegations in the complaint and stated that Troiano had represented Ronald Lilly in the dissolution

---

[3] In her second motion for final judgment, Plaintiff re-calculated her actual damages as $385,144.14 and asked for treble RICO damages of $1,155,432.42 (Dkt. 30 at 2).

of marriage action in state court, but had advised he was unable to represent them in this matter. The court informed the Lillys that as the case now stood, a clerk's default had been entered due to their failure to timely respond to the complaint. It appears the default against the Lillys is attributable to a combination of factors: lack of counsel, medical difficulties, and lack of legal experience. However, the court advised the Lillys that they would have to seek any appropriate relief to set aside the default.

## II.     Default Judgment Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend ... the clerk must enter the party's default." Rule 55(a), Fed. R. Civ. P.; see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of the U.S. and Can., 674 F.2d 1365, 1368 n.3 (11th Cir. 1982) (noting that a party failing to appear is in default regardless of whether a court has adjudicated the default). Once in default, a defendant "admits the plaintiff's well-pleaded allegations of fact." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). The defendant does not, however, admit allegations that are not well-pleaded or admit conclusions of law. Id. Rather, the defendant may "contest the sufficiency of the complaint and its allegations to support the judgment." Id.

Thus, prior to entering a default judgment, the court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (per curiam) (unpublished). Where a complaint fails to state a claim, a default judgment on the complaint may not stand. United States v. Kahn, 164 F. App'x 855, 858 (11th Cir. 2006) (per curiam)

(unpublished).

### III.     Pleading a Civil RICO Claim

To state a claim under the civil RICO statutes, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Langford v. Rite Aid of Ala., Inc., 231 F.3d 1308, 1311 (11th Cir. 2000). A "pattern of racketeering activity" consists of "at least two acts of racketeering activity ... the last of which occurred within ten years ... after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5) (2006). Consequently, a well-pleaded civil RICO claim "must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." Republic of Pan. v. BCCI Holdings (Lux.) S.A., 119 F.3d 935, 949 (11th Cir. 1997). A predicate act could be, inter alia, "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical," or any act indictable under certain enumerated statutes. 18 U.S.C. § 1961(1) (2006).

Among these enumerated statutes are 18 U.S.C. §§ 1341 (mail fraud) and 1956 (laundering of monetary instruments). Id. Where mail fraud is asserted as a predicate act for a civil RICO claim, a plaintiff must establish not only the statutory elements of mail fraud, but also that the defendant "had a conscious, knowing intent to defraud and that a reasonably prudent person would have been deceived by [the defendant's] misrepresentations." Green Leaf Nursery v. E.I. DuPont De Nemours and Co., 341 F.3d 1292, 1306 (11th Cir. 2003) (citation and internal quotations omitted).

Moreover, a civil RICO claim predicated on fraud must be pled with the increased level of

5

specificity required by Rule 9(b), Fed. R. Civ. P.[4]  Ambrosia Coal & Constr. Co. v. Pages Morales, 482 F.3d 1309, 1316 (11th Cir. 2007).  Thus, such a claim "must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the [d]efendants gained by the alleged fraud."  Id. at 1316-17.  Where multiple defendants are named, the complaint must also "plead fraud with the requisite specificity as to each of the [defendants]."  Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997) (per curiam).

When a plaintiff alleges money laundering under 18 U.S.C. § 1956(a)(1) as a predicate act for a civil RICO claim, the plaintiff must first set forth facts showing (1) that the defendant(s) conducted or attempted to conduct a financial transaction; (2) that the transaction involved the proceeds of "specified unlawful activity"; and (3) that the defendant(s) knew the proceeds were from some form of unlawful activity.[5]  18 U.S.C. § 1956(a)(1) (2006); see also United States v. Majors, 196 F.3d 1206, 1212 (11th Cir. 1999) (outlining elements of 18 U.S.C. § 1956(a)(1)(B)(i) in a criminal case).  The allegations must then satisfy either § 1956(a)(1)(A) or (a)(1)(B).  Id.  The former may be satisfied by showing that the defendant(s) acted "with the intent to promote the carrying on of specified unlawful activity."  18 U.S.C. § 1956(a)(1)(A)(i).  The latter may be satisfied by showing that the defendant(s) knew a purpose of the transaction was to conceal or disguise the nature, location, source, ownership, or control of the proceeds.  18 U.S.C. §

---

[4] Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake."  Rule 9(b), Fed. R. Civ. P.

[5] "Specified unlawful activity" is statutorily defined and includes acts of racketeering as well as offenses under certain enumerated statutes.  18 U.S.C. § 1956(7).

1956(a)(1)(B)(i).  Unlike mail fraud allegations, money laundering allegations underlying a civil RICO claim need not satisfy the heightened particularity standard in Rule 9(b), Fed. R. Civ. P.  See Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta, 530 F.3d 1339, 1355-56 (11th Cir. 2008).

In addition to establishing the elements of the predicate acts underlying a civil RICO claim, a plaintiff must also ensure the claim is brought within the four-year statute of limitations period.  Brooks, 116 F.3d at 1380.  The limitations period begins to run "when the injury was or should have been discovered, regardless of whether or when the injury is discovered to be a part of a pattern of racketeering."  Maiz v. Virani, 253 F.3d 641, 676 (11th Cir. 2001).

Finally, as with any claim, a civil RICO claim must have merit.  Thus, where federal jurisdiction rests on a frivolous civil RICO claim, the court may dismiss the complaint and refuse to exercise jurisdiction over any remaining state law claims.  See 28 U.S.C. § 1367(c)(3) (1990) ("The district courts may decline to exercise supplemental jurisdiction over [related state law claims] if ... the district court has dismissed all claims over which it has original jurisdiction"); Estate of Cosio v. Alvarez, 181 F. App'x 894, 896 (11th Cir. 2006) (per curiam) (unpublished) (holding a district court has the power, on its own motion, to dismiss a claim against a defendant who never moved for dismissal); see e.g. Smart Science Labs., Inc. v. Promotional Mktg. Servs., Inc., No. 8:07-CV-1554-T-24EAJ, 2008 WL 2790219, at *12 (M.D. Fla. July 18, 2008) (cautioning that failure to file an amended complaint could result in court's refusal to exercise supplemental jurisdiction over remaining state law claims); Kindred v. Murphy, No. 8:07-CV-1002-T-30EAJ, 2008 WL 476220, at *2, 4 (M.D. Fla. Feb. 19, 2008) (warning that failure to timely file an amended complaint could lead to dismissal of remaining counts where defective civil RICO claim provided the sole basis for

subject-matter jurisdiction).

Moreover, sanctions may be appropriate where the court determines a civil RICO complaint is frivolous. See e.g. Martinez v. Martinez, 62 F. App'x 309, 311, 315 (10th Cir. 2003) (unpublished) (upholding district court's decision to impose sanctions on plaintiff's counsel in a civil RICO case where counsel filed essentially the same complaint after the original complaint was dismissed as frivolous); Kindred, 2008 WL 476220, at *3-4 (allowing plaintiffs to amend their complaint to state a valid civil RICO claim but warning that unwarranted or frivolous allegations could lead to Rule 11 sanctions).

**IV.   Discussion**

Returning to the case at hand, it is indisputable that the Lillys failed to timely answer Plaintiff's complaint, and thus have admitted any well-pleaded allegations. It is therefore incumbent upon the court to determine which, if any, of Plaintiff's allegations are well-pleaded before entering a default judgment in Plaintiff's favor. Plaintiff's civil RICO claim derives from her allegation that "[t]hroughout the years 1994-2008, Ronald F. Lilly utilized his power of attorney to convert funds and otherwise defraud [Plaintiff] of hundreds of thousands of dollars, some of which was acquired by and through fraudulent loans utilizing Plaintiff's credit, other quanta of which were acquired by direct theft" (Dkt. 1 at 34). Nevertheless, the only acts Plaintiff specifically alleges that could potentially support a valid civil RICO claim are mail fraud and money laundering.[6]

---

[6] Plaintiff suggests her civil RICO claim is supported by the Lillys' alleged violation of other federal statutes. For instance, Plaintiff contends that Ronald F. Lilly "committed predicate acts of racketeering by violations of 18 U.S.C. § 1708 (theft of the U.S. mail by stealing taking, or by fraud or deception)" (Dkt. 1 at 3). Plaintiff further asserts that the Lillys are liable under the RICO statutes for their breach of fiduciary duties in violation of 18 U.S.C. § 1346 (Dkt. 1 at 3, 4). Section 1346, however, merely states that a "'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346 (1988). Regardless, neither

**a.      Allegations of Mail Fraud**

Plaintiff first attempts to support her civil RICO claim with assertions that the Lillys committed predicate acts of mail fraud. Plaintiff states that Ronald Lilly injured her through "a pattern of racketeering centering on repetitive violations of [18 U.S.C. §1341] in connection with the administration of that certain Power of Attorney granted by Plaintiff to [Ronald Lilly] during 1994" (Dkt. 1 at 3). Plaintiff also attests that the Lillys and others "engaged in a conspiracy ... for the common purpose of defrauding Plaintiff ... by aiding and abetting Ronald F. Lilly's multiple and repeated violations of 18 U.S.C. §1341 "(Dkt. 1 at 4). Plaintiff further claims that Ronald Lilly acquired or maintained an interested in the "Ronald F. Lilly Trust" which itself allegedly engaged in activities that violated the mail fraud statute (Dkt. 1 at 35). Finally, Plaintiff submits that Shirley Lilly and several other individuals "conducted or participated, directly or indirectly, in the conduct of [the Ronald F. Lilly Trust's] affairs through a pattern of racketeering activity including but not limited to violations of 18 U.S.C. [§ 1341]" (Dkt. 1 at 35-36).

Despite Plaintiff's insistence that the Lillys engaged in mail fraud, Plaintiff offers no supporting facts indicating what statements or representations were made; the time and place of, or person responsible for, the alleged statements; or how Plaintiff was misled by the alleged statements. See Ambrosia, 482 F.3d at 1316. Plaintiff does not even identify the elements of a mail fraud claim, much less assert facts to satisfy them. Moreover, Plaintiff has "simply lumped together" the Lillys and several other individuals in her allegations of mail fraud. See Brooks, 116 F.3d at 1380-81 (citation and internal quotation marks omitted). The allegations "provide no basis in fact upon

---

§ 1708 nor § 1346 is among the statutes enumerated in 18 U.S.C. § 1961(1), which defines "racketeering activity" for purposes of a civil RICO claim. 18 U.S.C. § 1961(1) (2006).

9

which the [court] could conclude that any specific act of any specific [defendants] is indictable for mail ... fraud." Id. at 1381. In sum, Plaintiff's mail fraud allegations are conclusory and insufficient to sustain her civil RICO claim. See e.g. Rogers v. Nacchio, 241 F. App'x 602, 608 (11th Cir. 2007) (per curiam) (unpublished) (affirming dismissal of civil RICO claim predicated on fraud where plaintiff failed to allege sufficient facts); Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1066-67 (11th Cir. 2007) (same).

**b.**       **Allegations of Money Laundering**

In like fashion, Plaintiff also asserts the Lillys engaged in predicate acts of money laundering. Plaintiff accuses the Lillys and others of "aiding and abetting Ronald F. Lilly's multiple and repeated violations of ... 18 U.S.C. §1956" (Dkt. 1 at 4). Plaintiff further claims that these individuals were involved in illegal financial transactions and "individually, jointly, and severally agreed to conceal and did in fact conceal the money received from Ronald F. Lilly in defraud of Plaintiff's business and property rights" (Dkt. 1 at 5). Finally, Plaintiff submits that Shirley Lilly and several other individuals "conducted or participated, directly or indirectly, in the conduct of [the Ronald F. Lilly Trust's] affairs through a pattern of racketeering activity including but not limited to violations of 18 U.S.C. [§ 1956]" (Dkt. 1 at 35-36).

Again, no supporting factual details are provided. Indeed, Plaintiff's allegations concerning money laundering are little more than restatements of the statutory text of 18 U.S.C. § 1956. Although Plaintiff's money laundering claims need not be pleaded with the particularity required by Rule 9(b), Fed. R. Civ. P., Plaintiff's allegations are nevertheless insufficient because they fail

to articulate specific facts that satisfy the essential elements of § 1956.[7]  Like her mail fraud allegations, Plaintiff's money laundering allegations do not establish the Lillys committed any acts that might support a valid civil RICO claim.  See e.g. Zavala v. Wal-Mart Stores, Inc., 393 F. Supp. 2d 295, 315-16 (D. N.J. 2005) (finding allegations of money laundering were too vague and insufficient to support a RICO claim where they "largely recite[d] the elements of different money laundering provisions, but [did] not identify the relevant financial transactions or conduct").

**c.      Pattern of Racketeering Activity**

Plaintiff's complaint is also deficient because it fails to establish that the Lillys engaged in a "pattern of racketeering activity" within the statutorily prescribed time period.  The complaint merely states that the alleged illegal activities occurred over a period of fourteen years between 1994 and 2008 (Dkt. 1 at 34).  Plaintiff does not assert that two predicate acts constituting a "pattern of racketeering activity" occurred within a ten-year period, which is necessary to sustain her civil RICO claim.  See 18 U.S.C. § 1961(5).  Thus, Plaintiff has failed to state a valid civil RICO claim on this basis as well.

**d.      Statute of Limitations**

Finally, the vagueness of Plaintiff's allegations raises concerns regarding the four-year statute of limitations period applicable to civil RICO claims.  Because Plaintiff filed her complaint on April 24, 2008 (Dkt. 1), the claim is time-barred if Plaintiff knew or should have known of the

---

[7] For instance, § 1956(a)(1) requires a showing that a financial transaction involved the proceeds of "specified unlawful activity." 18 U.S.C. § 1956(a)(1) (2006).  This phrase is statutorily defined to include "racketeering activity" as defined in 18 U.S.C. § 1961(1) or the violation of certain enumerated statutes.  18 U.S.C. §§ 1956(c)(7)(A) and (D).  One such statute is 18 U.S.C. § 1708, which prohibits the theft or receipt of stolen mail.  Although Plaintiff alleges that Ronald Lilly "committed predicate acts of racketeering by violations of [§ 1708]" (Dkt. 1 at 3), the allegation is conclusory and unsupported by any facts whatsoever.

alleged racketeering activity prior to April 24, 2004. See Maiz, 253 F.3d at 676. Plaintiff's failure to provide any specifics whatsoever concerning when the alleged acts of racketeering occurred leaves the court unable to determine when she knew or should have known of the acts. Nevertheless, if Plaintiff knew or should have known of the alleged acts of racketeering before April 24, 2004, a default judgment in Plaintiff's favor may properly be denied. See e.g. Stegeman v. Georgia, No. 07-13540, 2008 WL 3906839, at *2 (11th Cir. Aug. 26, 2008) (per curiam) (affirming denial of default judgment, despite defendant's failure to answer, where claim was time-barred).

**V.     Conclusion**

Because Plaintiff failed to establish the elements of the predicate acts underlying her civil RICO claim, Plaintiff's allegations that the Lillys engaged in a "pattern of racketeering activity" are not well-pleaded.[8]  See Am. United Life, 480 F.3d at 1068 (finding a RICO claim cannot be maintained where the underlying predicate acts lack legal validity).  Moreover, Plaintiff has not alleged the Lillys committed two predicate acts within a ten-year period, as required by statute. Plaintiff has failed to provide "a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco, 218 F. App'x at 863.  Accordingly, the court should not enter a default judgment in favor of Plaintiff on her civil RICO claims. See e.g. Cosio, 181 F. App'x at 896 (affirming trial court's decision not to enter default judgment where complaint contained no viable federal claim); Lusby v. Hill, No. 2:05-CV-529-FTM-29DNF, 2006 WL 3842196, at *2 (M.D. Fla. Dec. 13, 2006)

---

[8] There is also a substantial issue regarding whether Plaintiff is litigating or has litigated the same or similar claims before the state court.  Due to their pro se status, neither Plaintiff nor the Lillys were able to shed much light on this issue.  If Plaintiff is seeking to relitigate a claim or an issue which was decided or could have been decided by another court, her claim could be barred under principles of res judicata and collateral estoppel. Under that scenario, sanctions could be imposed for asserting such a claim in this court.

(denying motion for default judgment, despite entry of clerk's default, where plaintiff failed to adequately assert a civil RICO claim); accord Anderson v. Found. for Advancement, Educ. and Employment of Am. Indians, 155 F.3d 500, 506 (4th Cir. 1998) (finding district court erred in entering a default judgment where complaint did not state a claim for civil RICO).

Consequently, Plaintiff's motions for final default judgment should be denied and she should be offered an opportunity to amend her complaint to state a federal claim.

Although Plaintiff should be afforded an opportunity to amend her complaint, Plaintiff is advised that if she chooses to continue to proceed pro se, she must comply with this court's Local Rules as well as the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989). Further, Plaintiff is also on notice that failure to prosecute her case in compliance with court orders and procedural rules could result in dismissal of her case and the possibility of sanctions. Finally, if Plaintiff amends her complaint to state a federal RICO claim, she must comply with the above requirements for articulating a claim of this sort.

Plaintiff's failure to amend her complaint to state a valid claim under federal law should result in her civil RICO claim being dismissed with prejudice and the court declining to exercise supplemental jurisdiction over any remaining state law claims.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's First Amended Motion for Entry of Final Judgment by Default Against Defendants Ronald F. Lilly and Shirley Wine Lilley (Dkt. 20) and Request for Entry of Final Judgment (Dkt. 30) be **DENIED**; and

(2) Plaintiff be afforded a final opportunity amend her complaint to state a valid claim under federal law.

**Date:   October 10, 2008**

_/s/ Elizabeth A. Jenkins_
ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge